## UNITED STATES

*v.*

## RAFAEL NAHA.

Prohibition—Sailor.

Under the Porto Rican Organic Act of March 2, 1917, a sailor cannot bring into Porto Rico any rum from a foreign country, whether for his own use or otherwise. United States v. Hill, Jan. 13, 1919, 248 U. S. 420, applied. History of legislation given.

United States v. Naha.

Opinion filed March 12, 1919.

Information for importing rum into the Porto Rico in violation of Act of Congress approved March 2, 1917, § 2. Accused pleads guilty.

HAMILTON, Judge, delivered the following opinion:

The defendant pleads guilty so that there seems to be nothing to do except the imposition of a sentence. Nevertheless, the facts have been stated and that makes it necessary to consider the whole matter, and if on those facts it would seem that there should be a plea of "not guilty," the court would not hesitate to so advise the defendant and let the matter take that course, I think I had better reason the matter out and see where we stand.

This is an information for the violation of § 2 of the Act approved March 2, 1917, commonly called "The Jones Act" or "Jones Bill," in that the defendant imported three bottles of rum into Porto Rico on or about March 8, 1919. The facts seem to be that he is employed on the Marina, and on the voyage from Santo Domingo to Porto Rico he bought, he says, two half bottles of rum at 40 cents each, and, on arriving at Porto Rico, left one bottle in his cabin and came ashore bringing the other bottle,—the third bottle mentioned in the indictment he claims not to have been his at all. So that the actual case presented is, Is it or not lawful to bring upon one's person and for one's personal use, as that is the evidence in this case, from a foreign country any quantity, no matter how small, of intoxicating

XI. Porto Rico.—15.

liquor for the purpose of beverage? That seems to be the exact question.

Prohibition has advanced so rapidly in the last few years that it might be well to consider for a moment the trend of legislation.

The first act of Congress that was made in that connection is the Wilson Act of 1890, 26 Stat. at L. 313, chap. 728, Comp. Stat. § 8738, 4 Fed. Stat. Anno. 2d ed. p. 585, which provides that intoxicating liquor is subject, upon arrival in any state or territory, to the operation of the laws of that state or territory.

Then some twenty-three years later there was enacted the Webb-Kenyon Act of March 1, 1913, 37 Stat. at L. 699, chap. 90, Comp. Stat. § 8739, 4 Fed. Stat. Anno. 2d ed. p. 593, which prohibits the transportation of intoxicating liquor from one state to another state when such liquor is to be handled in violation of the laws of the state in question.

The next step is what is called the "Reed Amendment" part of the Postoffice Appropriation Act of March 3, 1917, 39 Stat. at L. 1058, 1069, chap. 162, Fed. Stat. Anno. Supp. 1918, p. 394. This act provides that whoever shall cause intoxicating liquor to be transported in interstate commerce, except for scientific, sacramental, medicinal, and mechanical purposes into a prohibition state or territory, violates the law.

The next step is the Jones Act of March 2, 1917, which provides that after one year it shall be unlawful to import, manufacture, sell, or give away, or expose for sale or gift, any intoxicating drink or drug, provided that the legislature may authorize and regulate the importation, manufacture, or sale of such liquors and drugs for medicinal, sacramental, industrial, or scientific uses only. Now this was to come into effect if

ratified by the people of Porto Rico, and that ratification was had at an election, so this act went into effect March 2, 1918.

While not necessary for a decision of this case, it may be added that the local legislature has authorized such importation for medicinal and other purposes as provided in the Jones Act.

Now this is an indictment under the Jones Act, and the question is whether bringing into Porto Rico a bottle of intoxicating liquor upon one's person from a foreign state and for one's personal use violates the prohibition of the importation of intoxicating drink. The defendant urges in extenuation that this was brought in for his personal use. That point has come up in the case of the United States v. Hill, only recently decided—January 13, 1919, by the Supreme Court of the United States [248 U. S. 420, 63 L. ed. 337, 39 Sup. Ct. Rep. 143]. Mr. Justice Day delivered the opinion which was apparently the opinion of the court, except the dissent by Mr. Justice McReynolds and Mr. Justice Clarke.

That was a case where the defendant, Dan Hill, took a quart of whisky along with him on a trolley car from Kentucky into West Virginia, and the law of West Virginia authorized one to take that quantity of liquor, at certain prescribed intervals, for his own personal use. The Supreme Court held, in the first place, that although it was for personal use it was within the meaning of the words "interstate commerce," and that it was within the power of Congress to exercise this power as to interstate commerce by regulation or by prohibition as it saw fit, and further that the transportation of this liquor upon one's person for one's personal use violated the Reed Amendment. The Reed Amendment, according to this decision, is self-executing, and is not in aid of local legislation, for local legislation permitted

this to be done.   The Reed Amendment prohibited it being done, and the Reed Amendment in that instance superseded the local law.

. The case before me is not one of interstate commerce.   Interstate commerce by its terms is confined to commerce between the states or between a state and territory, all of the American Union.   Santo Domingo, of course, is not a territory, and not a state of the American Union.   The Hill decision, therefore, is not an authority in this particular case, but it throws light upon the power of Congress under the commerce clause.

. In the Jones Act the importation of liquor is prohibited, and importation does apply to this particular offense, because importation, by its very meaning, covers primarily bringing from a foreign country.   That is what the defendant did,—he brought this liquor from a foreign country.   The only escape from the conclusion that this was an offense under the Jones Act would lie in the consideration of whether importing it for personal use makes any difference.   The court is forced to the conclusion that this does not make any difference.   It did not make any difference in the Dan Hill Case, which was an exercise of the commerce power, and the fact that that was interstate commerce and this foreign commerce makes no difference in principle. The personal consideration would be as important and have the same meaning in the one case as in the other, and if interstate commerce is not limited when one brings in liquor for his personal use, it is difficult to see how foreign commerce could be limited or controlled by the fact that the importation was for one's personal use.   The fact that carriage upon one's person makes no difference is also illustrated in a case as to export. The law forbade the exportation of munitions of war to Mexico.

United States v. Naha.

United States v. Chavez, 228 U. S. 525, 532, 57 L. ed. 950, 952, 33 Sup. Ct. Rep. 595, where it was held that the fact that these munitions were carried upon one's person did not change the application of the statute.

Now, there is the further limitation in the Jones Act, that the legislature may authorize importation for certain purposes, and the legislature may make such exception, but the case at bar does not come within any clause of the exception. There is nothing to show that the defendant brought the liquor in for medicinal purposes,—how that could be shown need not be considered; whether it must be shown by a doctor's certificate is not before me. He did not bring it for medicinal purposes so far as the evidence shows,— the evidence shows that he brought it for beverage purposes,— and the same is true as to sacramental, industrial, and scientific uses; none of them apply to the case at bar.

There seems, therefore, to be no escape from the conclusion that bringing intoxicating liquor into Porto Rico from a foreign country is importation prohibited by the Jones Act.

I regret the case was not contested and argued, and if a case is brought before me in which counsel wish to reopen the question, I shall be very glad to consider the matter anew, but it seems to me that reasoning which has just been announced is conclusive, and there can hardly be any escape from the conclusion, which is that the defendant is guilty.

Now as to the punishment: The question was a new one and presented a situation which might have deceived anyone, not only an ignorant negro, but the highest member of society; the court, therefore, feels that it should impose the smallest sentence which the statute allows, and that is a fine of $25, and costs.